**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

MONROE L. COLEMAN, #01723-016,

    Petitioner,

    v.                                                        ACTION NO. 2:13cv608

WARDEN, ERIC D. WILSON,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The undersigned GRANTS Petitioner's Request for Motion for Leave to File "Supplemental Answer" to Respondent's Motion to Dismiss (ECF No. 26), and has considered the arguments contained therein while preparing this Report and Recommendation. Because the Court lacks subject matter jurisdiction over the petition, the undersigned RECOMMENDS that the petition be DENIED.

### I. STATEMENT OF THE CASE

In 1985, Petitioner Monroe L. Coleman ("Coleman") was convicted in the District of Columbia Superior Court of felony murder, armed robbery, and related offenses. *See* D.C. Court of Appeals Memorandum Opinion (January 16, 2013) (ECF No. 1-1, at 13). Coleman has filed several appeals of his conviction, all of which have been denied. *See id.* (denying "Coleman's

sixth collateral attack on his 1985 convictions"). Coleman is currently serving a sentence of twelve to thirty-six years' imprisonment. *See Coleman v. United States*, 628 A.2d 1005, 1005 (D.C. 1993). Here, Coleman petitions the Court to grant a writ of habeas corpus under 28 U.S.C. § 2241. *See* Petition (ECF No. 1). The undersigned RECOMMENDS that the Court DENY Coleman's petition for lack of subject matter jurisdiction.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Coleman's petition for a writ of habeas corpus arises from his contention that the District of Columbia Superior Court imposed an illegal sentence upon him. *See* Petition (ECF No. 1, at 2). He argues that there was insufficient evidence to show that he possessed, or had readily available, a weapon, the presence of which caused the trial court to enhance his sentence relative to what he would have received had he been unarmed. *See* Response to Reply (ECF No. 21, at 7 n.1). Coleman asks the Court to vacate his sentence, or to reduce his sentence as if he had been unarmed. *See* Petition (ECF No. 1, at 8).

> D.C. Code provides that
>
> [a] prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). But "[a]n application for a writ of habeas corpus . . . shall not be entertained by . . . any Federal . . . court if . . . the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). Federal courts thus lack jurisdiction to consider motions to vacate, set aside, or correct sentences imposed by District of Columbia Superior Courts unless a

2

petitioner can show that the remedies available under D.C. Code § 23-110 are inadequate or ineffective. *See Swain v. Pressley*, 430 U.S. 372, 377 (1977) (holding specifically that D.C. prisoners denied relief in the D.C. Superior Court have no recourse to federal habeas review unless they can demonstrate D.C. Code § 23-110 was "inadequate or ineffective to test the legality of their detention"); *Mobley v. Superior Court of District of Columbia*, No. 87-6502, 1988 WL 4640 at *1 (4th Cir. Jan. 14, 1988) ("[B]ecause [the petitioner] has already been denied habeas corpus relief under D.C. Code § 23-110, he is precluded from any further habeas relief unless he shows that relief under § 23-110 is inadequate or ineffective to test the legality of his detention.").

Coleman has previously moved the District of Columbia Superior Court to "correct and reduce his sentences" because he was "convicted of assault with intent to commit robbery while armed, [even though] he was acquitted by jury of Carrying a Pistol without a license which was the 'while armed' portion [of] the indictment." D.C. Superior Court Order, Criminal Case #F1258-85 (June 19, 2013) (ECF No. 21, at 43).[1] The court denied Coleman's motion, noting that the "[c]urrent motion simply repackages previous motions denied by this, and [the] Appellate, court," and holding that the "Court need not entertain successive motions for [the] same or similar relief." *Id.*; *see also* (D.C. Code § 23-110(e)) ("The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."). Coleman therefore contends that D.C. Code § 23-110 is inadequate or ineffective because "controlling precedent of the D.C. Court of Appeals does not permit the Superior Court of the District of Columbia … to allow a litigant to show cause for a Procedural Default of a

---

[1] Coleman's argument in that motion mirrors his argument in the instant petition. *See* Petition (arguing that "[t]he sentencing court erred in imposing an enhancement for use of a pistol without an adequate factual basis.") (ECF No. 21, at 17).

3

Substantive claim and obtain relief in connection with the defaulted Substantive claim." Reply to Response (ECF No. 25, at 10). Essentially, Coleman argues that his remedies under § 23-110 are inadequate or ineffective because his previous § 23-110 motions have been denied, thereby giving subject matter jurisdiction to this Court.

But whether the remedies available under D.C. Code § 23-110 are inadequate or ineffective does not depend on a petitioner's prior success or failure in obtaining relief pursuant to that code section. *See Wilson v. D. C. Bd. of Parole*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them.") Rather, "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *see also Coleman v. Wilson*, No. 13-1434 (D.D.C. filed Sept. 20, 2013) ("[Coleman]'s lack of success in his previous attempt to collaterally attack his conviction and sentence does not render his local remedy inadequate or ineffective."). By relying on his personal failure to obtain relief under D.C. Code § 23-110, Coleman's argument that the Court has subject matter jurisdiction over his petition fails to establish that the remedies available are in fact inadequate or ineffective. The Court therefore lacks subject matter jurisdiction to consider the instant petition because Coleman has not shown that his remedies under § 23-110 are inadequate or ineffective.

### III. <u>RECOMMENDATION</u>

Because Coleman has not demonstrated that the remedies available to him under D.C. Code § 23-110 are inadequate or ineffective, the undersigned RECOMMENDS that the Court DENY his petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of subject matter

jurisdiction.

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

                                                                 /s/
                                                Tommy E. Miller
                                      United States Magistrate Judge

Norfolk, VA
November 18, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Monroe L. Coleman, #01723-016
FCI Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

Virginia Van Valkenburg, Esq.
United States Attorney's Office
101 W. Main St., Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By: _____
Clerk of the Court

November 18, 2014

6